John C. Hendricks, State Bar No. 198973
jhendricks@meagher.com
MEAGHER & GEER, P.L.L.P.
8800 N. Gainey Center Drive, Suite 261
Scottsdale, AZ  85258
Phone: 480/607-9719
Fax: 480/607-9780
*Attorneys for Defendant Federated
   Mutual Insurance Co.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| Safeway, Inc.<br><br>          Plaintiff,<br><br>     vs.<br><br>Federated Mutual Insurance Company; and Does 1 through 10, inclusive,<br><br>          Defendants. | Case No:<br><br>**NOTICE OF REMOVAL BY FEDERATED MUTUAL INSURANCE COMPANY** |

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Federated Mutual Insurance Company ("Federated" or "Defendant") removes this action from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.  In support of this Notice of Removal, Defendant states:

**I.    THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.**

   **A.    There is Complete Diversity of Citizenship.**

Plaintiff Safeway, Inc. ("Safeway") brought this action against Defendant in the Superior Court of the State of California in and for the County of Alameda by filing a complaint on February 4, 2015, which was docketed as Case No. RG15757368 (the "Complaint", attached as Exhibit A).

Plaintiff Safeway is a California corporation with its headquarters in Alameda County, and is therefore a citizen of the State of California. Defendant Federated Mutual Insurance Company is a mutual insurance company organized under the laws of the State of Minnesota with its principal place of business in Minnesota. It is therefore a citizen of the State of Minnesota.

Defendants Does 1 – 10 inclusive are fictitious. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.")

There is complete diversity because Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Minnesota.

### B. The Amount in Controversy Exceeds $75,000

In this action, Plaintiff states claims of breach of contract and breach of the covenant of good faith and fair dealing against Defendant in relation to multiple insurance policies issued to third-party North Texas Fuel Transportation, 1 Ltd. (the "Insured"). (*see generally* Exh. A) In the Complaint, Plaintiff alleges that Safeway initiated a claim before the America Arbitration Association on or about October 16, 2012 ("Underlying Proceeding"), under a contract between Safeway and the Insured ("Agreement"). (Exh. A ¶ 7) The Insured and Safeway entered into the Agreement for the Insured to deliver fuel to Safeway distributors connected with Tom Thumb grocery stores (a wholly owned subsidiary of Safeway). (Exh. A ¶ 4) The Underlying Proceeding alleged that the Insured's drivers would shut off the delivery truck fuel pumps when a portion of fuel was not delivered, and then sell the remaining fuel to a local fuel station at a discount, pocketing the proceeds. (*See* Exh. A ¶ 5 ("Safeway discovered [the Insured] was not delivering to Tom Thumb locations the fuel Safeway purchased as required by contract".))

Plaintiff alleges that the Insured tendered its defense and Federated declined to defend its insured. (Exh. A ¶¶ 18-19) The Complaint further alleges Federated had a duty to defend and indemnify the Insured against and for damages Safeway could

recover in the Underlying Proceeding under multiple consecutive general liability and umbrella policies, and also owed duties under a commercial crime policy. (Exh. A ¶¶ 11-17) After Federated declined to defend, the Insured entered into a stipulated consent judgment for $3,574,605, and assigned its "rights, claims, or causes of action" against Federated to Safeway, presumably in exchange for some form of covenant not to execute against the consent judgment. (*See* Exh. A ¶ 9-10) Allegedly under that assignment, Safeway now alleges that Federated's refusal to defend or indemnify the Insured amounts to breach of contract and bad faith, for which Safeway can recover the amount of the consent judgment ($3,574,605) "plus costs incurred by [the Insured] to defend itself in the arbitration proceeding in an amount to be established at trial." (Exh. A ¶¶ 25 & 33)

In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002), citing, Burns v. Windsor Ins. Co. 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). If Plaintiff were to prevail, showing Federated owed a duty to defend and indemnify under each policy issued, the policy limits of the combined policies exceed $75,000.[1]

Because Plaintiff is a citizen of California and Defendant is a citizen of Minnesota, and because the amount in controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] In taking a finding of liability into account, Defendant of course reserves the right to challenge both liability and the reasonableness of any alleged damages in this litigation.

## II. **DEFENDANTS HAVE MET ALL PROCEDURAL REQUIREMENTS TO REMOVE THIS ACTION**

Defendants have timely filed this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b).

Plaintiff filed the Complaint against Federated in California Superior Court, Alameda County, on February 4, 2015. Plaintiff served Federated by delivering the Summons and Complaint to the Federated's local office February 9, 2015, and Federated received its first notice of this lawsuit that same day. The filing of this Notice of Removal on March 5, 2015 is therefore timely.

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III. **INTRADISTRICT ASSIGNMENT**

Pursuant to L. R. Civ. P. 3-5, Defendant notes that L.R. Civ. P. 3-2(d) provides "[A]ll civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." Because this matter is removed from Alameda County, it shall be assigned to San Francisco Division or Oakland Division.

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court of the State of California for the County of Alameda to this Court.

Dated: March 6, 2015      MEAGHER & GEER, P.L.L.P.

By: /s/ John C. Hendricks
John C. Hendricks
Attorneys for Defendant Federated Mutual Insurance Company

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 8800 North Gainey Center Drive, Suite , Scottsdale, AZ 85258.

On March 6, 2015, I served the following document(s): **Notice of Removal** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Gary R. Selvin | Stephen Q. Rowell |
| David A. Evans | Theodore K. Bell |
| SELVIN WRAITH HALMAN LLP | Safeway, Inc. |
| 505 14th Street, Suite 1200 | 5918 Stoneridge Mall Road |
| Oakland, CA 94612 | Pleasanton, CA 94588-3229 |
| gselvin@selvinwraith.com | Stephen.rowell@safeway.com |
| devans@selvinwraith.com | Tad.bell@safeway.com |

☒ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Scottsdale, Arizona. A copy of this document was served by electronic mail (e-mail).

☐ By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☐ By E-Service: I electronically served the above document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

☐ By Personal Service: I caused to be delivered by courier **First Legal Support Services,** such envelope by hand to the offices of the above addressee(s).

☐ By Personal Service: I delivered such envelope by hand to the offices of the addressee(s).

Executed: March 5, 2015

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ John C. Hendricks
John C. Hendricks
Attorneys for Defendant Federated Mutual Insurance Company

10146294.1

Notice of Service