# EXHIBIT A

*Notice of Removal By Federated Mutual Insurance Company*

# Summons, Subpoenas & Complaints

Today's Date: 2/9/15

Name: J. DeJose

Courier Service: ONE legal

Telephone Number: 877 737 8322

Delivered by Hand/Mail: _____

Received By: Shanna T. May

---

*For Internal Use Only*

Claim Number: 206759 ?

Case: Safeway v. Federated

Adjuster/Supervisor: Christiann Visser

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FEDERATED MUTUAL INSURANCE COMPANY and DOES 1 through 10, inclusive | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 0 4 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| **YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SAFEWAY, INC. | |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorto.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>René C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG15757368 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary R. Selvin, SELVIN WRAITH HALMAN, 505 14th Street, Ste. 1200, Oakland, CA 94612, 510-874-1811

| DATE: FEB 0 4 2015<br>*(Fecha)* | Leah T. Wilson<br>Clerk, by _____ , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Federated Mutual Insurance Company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: CCP 415.95 Business Organization Form Unknown
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Gary R. Selvin, State Bar No. 112030<br>David A. Evans, State Bar No. 181854<br>SELVIN WRAITH HALMAN LLP<br>505 14th Street, Suite 1200<br>Oakland, CA 94612<br>Telephone:  (510) 874-1811<br>Facsimile:   (510) 465-8976<br>E-mail: gselvin@selvinwraith.com<br>         devans@selvinwraith.com | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 0 4 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| 6<br>7<br>8<br>9<br>10 | Stephen Q. Rowell, State Bar No. 098228<br>Theodore K. Bell, State Bar No. 184289<br>SAFEWAY INC.<br>5918 Stoneridge Mall Road<br>Pleasanton, CA 94588-3229<br>Telephone:  (925) 467-3936<br>Facsimile:   (925) 467-3214<br>E-mail: stephen.rowell@safeway.com<br>         tad.bell@safeway.com | |
| 11<br>12 | Attorneys for Plaintiff<br>Safeway, Inc. | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA COUNTY

| | |
|---|---|
| SAFEWAY, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO.:  RG15757368<br><br>**PLAINTIFF SAFEWAY'S COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff Safeway, Inc. ("Safeway" or "Plaintiff") alleges against Defendants as follows:

## PARTIES

1. At all times mentioned herein, Safeway was a California corporation with its headquarters in Alameda County authorized to and doing business in the State of California.

2. Safeway is informed and believes, and based thereon alleges, that Defendant Federated Mutual Insurance Company is an insurance company of unknown construction with its principal place of business in Minnesota and authorized to do business in California.

3. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names.

1

COMPLAINT                                                                     CASE NO.:

1. Their true names and capacities are unknown Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein, alleged, and that Plaintiff's damages as herein, alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

## UNDERLYING DAMAGES AND ASSIGNMENT OF RIGHTS

4. On or about March 5, 2005, Safeway contracted with North American Fuel Transportation, Ltd. dba NFTF, Ltd. ("NTFT") to deliver fuel to Tom Thumb grocery stores. Tom Thumb is a wholly owned subsidiary of Safeway.

5. In April 2012, Safeway discovered NTFT was not delivering to Tom Thumb locations the fuel Safeway purchased as required by contract.

6. The discrepancies in NTFT's fuel deliveries dated back to at least 2008, and resulted in a loss to Safeway of approximately $5 million.

7. On or about October 16, 2012, Safeway initiated a claim before the American Arbitration Association pursuant to the terms of the contract between Safeway and NTFT.

8. In the course of the Safeway-NTFT arbitration proceedings, it was determined that Safeway was damaged in the amount of $3,574,605.00 as a result of NTFT's negligent supervision of its employees, agents or contractors.

9. On January 13, 2015, Safeway and NTFT entered into a written stipulated consent award/judgment in favor of Safeway and against NTFT in the amount of $3,574,605.00, plus interest.

10. Under the January 13, 2015 stipulated to a consent award/judgment between Safeway and NTFT, NTFT assigned to Safeway all rights, claims, or causes of action that NTFT may have against Federated Mutual Insurance Company ("Federated") arising under or relating to any insurance policy issued by Federated to NTFT, including but not limited those Federated policies in effect during 2010 through 2012.

///

## FEDERATED'S INSURANCE POLICIES

11. Safeway is informed and believes and thereon alleges that NTFT was insured under consecutive commercial general liability policies issued by Defendant Federated Mutual Insurance Company, including but not limited to policies bearing policy number 9418122, effective November 15, 2010 to November 15, 2011 and November 15, 2011 to November 15, 2012.

12. Safeway is informed and believes and thereon alleges that under the Commercial General Liability coverage part (form CG0001 1207) of Federated Policy No. 9418122, Federated agreed as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. You will have the right and duty to defend the insured against any "suit" seeking those damages.

13. Safeway is informed and believes and thereon alleges that Federated Policy No. 9418122 defines "suit" to mean:

> a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies or alleged. "Suit" includes:
>
> a. An arbitration proceeding in which such damages are claimed and to which the insured must submit ...

14. Safeway is informed and believes and thereon alleges that under the Commercial Crime Coverage form (form CR0021 0506) of Federated Policy No. 9418122, Federated agreed as follows:

> 1. Employee Theft
>
> We will pay for loss of or damage to "money", "securities" and "other property" resulting directly from "theft" committed by an "employee", whether identified or not, acting alone or in collusion with other persons.
>
> For the purposes of this Insuring Agreement, "theft" shall also include forgery.

15. Safeway is informed and believes and thereon alleges that NTFT was insured under consecutive commercial umbrella liability policies issued by Federated, including but not limited to policies bearing policy number 9418123, effective November 15, 2010 to November 15, 2011 and November 15, 2011 to November 15, 2012.

///

3

COMPLAINT                                                                                    CASE NO.:

16. Safeway is informed and believes and thereon alleges that under the Commercial Umbrella Liability coverage part (form CU-F-2 1008) of Federated Policy No. 9418123, Federated agreed as follows:

> We will pay on behalf of the insured those sums the insured becomes legally obligated to pay as damages that are in excess of the applicable limits of "underlying insurance" because of "bodily injury", "property damage" or "personal and advertising injury":
>
> 1. that occurs during the policy period shown on the Commercial Umbrella Liability Declarations; and
>
> 2. that is covered by "underlying insurance".

17. The facts alleged in the Safeway-NTFT arbitration proceedings obligated Federated to defend NTFT against the claims made by Safeway.

18. NTFT tendered its defense of the Safeway-NTFT arbitration proceedings to Federated.

19. Federated denied the tender of defense by NTFT without timely or properly investigating the claim and without proper cause.

20. The insurance policies that Federated sold to NTFT potentially or actually covered the claims at issue in the Safeway-NTFT arbitration proceedings.

21. Federated wrongfully refused to defend or indemnify NTFT against Safeway's claims stated in the Safeway-NTFT arbitration proceedings, causing damage to Safeway in its capacity at NTFT's assignee.

## FIRST CAUSE OF ACTION
(Breach of Contract Against All Defendants)

22. Safeway incorporates herein by reference the allegations contained in paragraphs 1 through 21 inclusive, as if set forth in full herein.

23. NTFT paid all premiums and relied upon Federated to provide the coverage promised under the policies, and performed all of its obligations under the policies Federated sold to NTFT.

24. Under the terms of the insurance policies issued by a Federated to NTFT, Federated was obligated to defend and indemnify NTFT in the Safeway-NTFT arbitration proceedings.

25. As a result of Federated's breach of its duties, NTFT incurred damages in the form of a consent award/judgment in the arbitration proceedings in favor of Safeway in the amount of

4

COMPLAINT  CASE NO.:

$3,574,605.00, plus defense costs incurred by NTFT to defend itself in the arbitration proceedings in an amount to be established at trial.

26. As the assignee of NTFT's rights against Federated, Safeway is entitled damages caused by Federated's breach of its insurance policy to NTFT.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)

27. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 26 inclusive, as if set forth in full herein.

28. Under the terms of the insurance policies issued by a Federated to NTFT, Federated was obligated to defend and indemnify NTFT in the Safeway-NTFT arbitration proceedings.

29. Federated failed to adequately investigate NTFT's tender of the Safeway-NTFT arbitration proceedings.

30. Federated wrongfully refused to defend or indemnify NTFT in the Safeway-NTFT arbitration proceedings.

31. Federated breached the implied covenant of good faith and fair dealing by unreasonably denied policy benefits, putting its interests before its policyholder's interests in investigating the claims, failing to timely and adequately investigate the claims at issue and the Safeway-NTFT arbitration proceedings.

32. As a consequence of Federated's breach of its duties to NTFT, NTFT was unable to defend itself against the claims in the Safeway-NTFT arbitration proceedings, lack the resources necessary to engage in the litigation of a multimillion dollar claim, and had to enter into the consent judgment and assign its rights to Safeway.

33. Federated is liable for all consequential damages incurred by NTFT, Safeway's assignor. NTFT's damages include, but are not limited to, a consent award/judgment in the arbitration proceedings in favor of Safeway in the amount of $3,574,605.00, plus defense costs incurred by NTFT to defend itself in the arbitration proceedings in an amount to be established at trial.

///

34. NTFT and Safeway, the assignee, have incurred and will incur attorney's fees to obtain policy benefits owed by Federated under its policy. Safeway is entitled to recover these attorney's fees as damages as a result of Federated's unreasonable denial of policy benefits and bad faith. *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985). It is entitled to any fees NTFT incurred as well as any fees Safeway incurs to obtain policy benefits, suing as the assignee. *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252 (2006).

## I. PRAYER

WHEREFORE, Safeway prays for judgment as follows:

1. Against Defendants, and each of them, and in favor of Plaintiff, damages for Defendants' breach of its insurance policy contract with NTFT according to proof;

2. Against Defendants, and each of them, and in favor of Plaintiff, damages for breach of the implied covenant of good faith and fair dealing, including, but not limited to, all consequential damages, and damages as permitted by *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. That the Court award Plaintiff its costs of suit;

4. That the Court award Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 4, 2015                    SELVIN WRAITH HALMAN LLP

By: _____
    Gary R. Selvin
    David A. Evans
    Attorneys for Plaintiff Safeway, Inc.

163564.doc

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gary R. Selvin, Esq. / David A. Evans, Esq.<br>SELVIN WRAITH HALMAN LLP  181854<br>505 14th Street, Suite 1200<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-874-1811   FAX NO.: 510-465-8976<br>ATTORNEY FOR (Name): Plaintiff, SAFEWAY, INC. | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 04 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Oakland - Rene C. Davidson

CASE NAME:
Safeway, Inc. v. Federated Mutual Insurance Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG15757368<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 4, 2015
Gary R. Selvin / David A. Evans
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice— Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| | ALA ADR-001 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
| TELEPHONE NO.: FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                Time:                Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
     (TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
     (TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF DEFENDANT)

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Page 2 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

```
⌐ Selvin Wraith Halman LLP          ⌐                           ⌐
  Attn: Evans, David A.
  505 14th Street
  Suite 1200
⌐ Oakland, CA  94612                 ⌐                           ⌐
```

## Superior Court of California, County of Alameda

Safeway, Inc.

Plaintiff/Petitioner(s)

vs.

Federated Mutual Insurance Company

Defendant/Respondent(s)
(Abbreviated Title)

No. RG15757368

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 06/19/2015 | Department: 19 | Judge: **Gail Brewster Bereola** |
|---|---|---|
| Time: 09:00 AM | Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland CA 94612** | Clerk: **Timothy Lopez**<br>Clerk telephone: **(510) 267-6935**<br>E-mail:<br>**Dept.19@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

\* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-883-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/06/2015.

By

Deputy Clerk